I begin by discussing whether this Court has jurisdiction to hear this appeal. For the reasons that follow, I find we do not.
The magistrate issued his decision on October 8, 1997. The trial court approved and adopted the Magistrate's Decision via Judgment Entry filed that same day. Thereafter appellant timely filed his objections to the Magistrate's Decision.
On November 7, 1997, appellant filed notice of appeal of the October 8, 1997 Judgment Entry of the trial court. Thereafter, the trial court found it did not have jurisdiction to proceed on appellant's objection due to his pending appeal but, if it did, it would overrule the objection. See, Judgment Entry dated November 17, 1997.
Pursuant to Civ.R. 53(E)(4)(c), the timely filing of objections to the Magistrate's Decision operates as an automatic stay of execution of the trial court judgment adopting the Magistrate's Decision until the court disposes of the objections and either vacates, modifies, or adheres to the judgment previously entered.[1] Because the trial court's entry was stayed and the trial court's work not done, I conclude the trial court's decision it did not have jurisdiction was wrong because this matter was not a final appealable order under R.C. 2505.02. Appellant's Notice of Appeal is merely a Premature Notice of Appeal under App.R. 4(C) and did not serve to divest the trial court of its jurisdiction. The fact the trial court went further and issued an advisory opinion on the merits does not create a final order, the trial court having previously, albeit erroneously, determined it did not have jurisdiction. Such advisory opinion is a nullity.
Despite my opinion this Court lacks jurisdiction, I further note my disagreement with the majority's treatment of appellant's first and second assignment of error.
The majority finds appellant asserted the defenses of waiver, estopped and laches solely in conjunction with the Motion for Contempt. (Majority Opinion at 4). I disagree. I find appellant's argument at Transcript pgs. 129-131, clearly raises these defenses as to his financial responsibility for the college bills. The Magistrate's Decision filed October 8, 1997, specified the matter came before the Magistrate to make a specific finding of the exact amount the appellant must pay the appellee. At the September 12, 1996 hearing, the contempt issue was resolved in appellant's favor via directed verdict but the hearing proceeded relative to appellant's motion for declaratory relief concerning his obligation to pay for college expenses under the separation agreement.
As to the appellant's second assignment of error, the majority concludes "or" was intended to be used in the conjunctive rather than the disjunctive in the context of the separation agreement. I disagree.
I find no ambiguity in the separation agreement. There being no ambiguity, the unambiguous disjunctive "or" cannot be rewritten by either the trial court or this Court into the conjunctive "and".
JUDGE WILLIAM B. HOFFMAN.
[1] The exception relative to interim orders does not apply in the case sub judice because immediate relief is not justified.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.